[Cite as *State v. Coleman*, 2018-Ohio-1951.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27666 |
| | : | |
| v. | : | Trial Court Case No. 17-CRB-3679 |
| | : | |
| DWAYNE D. COLEMAN | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on 18th day of May, 2018

. . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, City of Dayton Prosecutor's Office, 335 W. Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Dwayne D. Coleman appeals from a judgment of the Dayton Municipal Court, which found him guilty of assault, a misdemeanor. The trial court sentenced him to 180 days in jail; he received jail time credit of 12 days, and the balance of the sentence was suspended. The court placed him on non-reporting community control and ordered him not to return to the store where the incident occurred.

{¶ 2} Coleman appeals, raising one assignment of error, arguing that his conviction was against the manifest weight of the evidence.

{¶ 3} The incident in question occurred on June 8, 2017; Coleman was charged with assault by complaint on June 9, 2017. The matter was tried to the court on June 20, 2017. The evidence at trial was as follows.

{¶ 4} Darnell Pate testified that he worked as an armed security officer at an Aldi store on June 8, 2017. He encountered Coleman just as the store was closing for the night. Coleman placed several items on the conveyor belt at a checkout lane, reached into his pockets, and then left the store without taking the items on the belt with him. Pate thought this behavior was suspicious and was concerned about shoplifting.

{¶ 5} Pate followed Coleman outside the store and asked Coleman to step back inside the store to talk. When Pate "gesture[d] [Coleman] back in the store" and touched "his shoulder area" with an open hand, Coleman "seemed to get agitated" and hit Pate in the right arm with a closed fist. Pate "grabbed" Coleman and walked him into the store. Pate informed Coleman that he (Pate) was going to put Coleman in handcuffs, "just so it [sic] wouldn't be anymore physical altercation," but when Pate attempted to put Coleman in handcuffs, Coleman hit Pate in the side of the head with a closed fist. Pate testified

that he believed he was hit in the head "just twice," but that he was not sure because the event unfolded very quickly. Pate then succeeded in getting Coleman in handcuffs, and the Dayton Police were called. Coleman was not found to be in possession of any stolen property.

{¶ 6} A cashier who was working at Aldi on the night of June 8, 2017, testified that, at closing time, she observed the "scuffle" or "power struggle" involving the security guard (who was known to her only as "Darnell") and Coleman through the glass doors at the front of the store. She testified that she saw Coleman hit Pate, but she could not tell where Pate was hit. The cashier believed both men had been "struck" during the altercation, because she "saw lots of hands."

{¶ 7} Dayton Police Officer Paul Rice responded to the Aldi on the night in question concerning a report that a "shoplifter was in custody." He later learned that nothing was actually taken from the store, but that Coleman had allegedly assaulted a security guard.

{¶ 8} At the close of the State's case, Coleman moved for a Crim.R. 29 judgment of acquittal, which the court denied. The defense did not present any witnesses.

{¶ 9} Defense counsel argued in closing argument that Coleman had acted in self-defense, because in the absence of any theft, Pate had no right to touch Coleman, to ask him to return to the store, or to engage in "false imprisonment"; Coleman argued that, like any other private citizen, Pate should have "call[ed] the police and give[n] a report." The State argued that Coleman's response to Pate's initial contact with him was "completely unreasonable" and constituted assault, and that Coleman did not act in self-defense because his use of force was unreasonable.

{¶ 10} The trial court found that Pate had acted as a private citizen, not as a law enforcement officer, during his interaction with Coleman; therefore, questions of "reasonable suspicion" and "probable cause" did not apply, as there was "no government action." The court further concluded that, although Pate was well-intentioned, he "was wrong to follow [Coleman]. He was wrong to touch him." Nonetheless, the court found that Pate did not do anything to cause Coleman harm and that Coleman was not justified in his use of force against Pate. As such, the court found Coleman guilty of assault.

{¶ 11} When reviewing an argument challenging the weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} For purposes of this case, assault is defined as knowingly causing or attempting to cause physical harm to another. R.C. 2903.13(A). Pate and the Aldi cashier testified that Pate and Coleman were involved in a physical altercation in front of the store. Pate testified, more specifically, to the progression of events and to Coleman's resort to violence when Pate tried to escort Coleman back into the store. On this record, we cannot conclude that the trial court erred in weighing the evidence as it did and in finding that Coleman assaulted Pate.

{¶ 13} The trial court reasonably rejected Coleman's assertion that he acted in self-defense. We have set forth the law on self-defense involving the use of a non-

deadly force, as follows:

> [A] defense of self-defense involving the use of non-deadly force requires proof that: (1) the defendant was not at fault in creating the situation giving rise to the altercation; and (2) that the defendant had reasonable grounds to believe and an honest belief, even though mistaken, that the defendant was in imminent danger of bodily harm and the only means of protecting himself or herself from that danger was by the use of force not likely to cause death or great bodily harm.   [Citations omitted.]

*State v. Pigg*, 2d Dist. Montgomery No. 25549, 2013-Ohio-4722, ¶ 36.   Self-defense is an affirmative defense on which the defendant has the burden of proof. *State v. Thomason*, 2d Dist. Montgomery No. 27500, 2018-Ohio-1228, ¶ 23, citing *State v. Oates*, 2013-Ohio-2609, 993 N.E.2d 846, ¶ 10 (3d Dist.),

{¶ 14} Based on the evidence presented in this case, the trial court did not lose its way or create a manifest miscarriage of justice in concluding that Coleman did not meet his burden to show that he had reasonable grounds to believe and an honest belief that he was in imminent danger of bodily harm and that the only means of protecting himself from that danger was by the use of force.

{¶ 15} The assignment of error is overruled.

{¶ 16}  The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Amy B. Musto

Michael H. Holz
Hon. Deirdre E. Logan