[Cite as *State v. Cobbins*, 2024-Ohio-1907.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                    :
                                 :
        Appellee                 :    C.A. No. 29963
                                 :
v.                               :    Trial Court Case No. 23CRB00724
                                 :
WANDA COBBINS                    :    (Criminal Appeal from Municipal Court)
                                 :
        Appellant                :
                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on May 17, 2024

. . . . . . . . . . .

P.J. CONBOY, Attorney for Appellant

NOLAN C. THOMAS, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Wanda Cobbins appeals from her conviction in the Kettering Municipal Court; she was found guilty of misdemeanor assault and disorderly conduct and sentenced to probation with a suspended 30-day jail term. For the reasons that follow, the judgment of the trial court will be affirmed.

I.      **Facts and Procedural History**

{¶ 2} On June 8, 2023, Cobbins and Andrew Reid were both in the behavioral unit of the emergency department at Kettering Hospital. Cobbins was a patient in the unit, and Reid was working as a nursing assistant. Reid testified that his role that night was to complete tasks as assigned by the nurses, specifically to answer call lights when activated by patients.

{¶ 3} Shortly after 9 p.m., Cobbins pressed the call button in her room to request water. Reid entered the secure unit (a person needs a keycard to enter or exit), turned off the call light in Cobbins's room, and told her that he was going to work on getting her water. That answer did not satisfy Cobbins, whom Reid described as being "very agitated. She was screaming and being belligerent." Trial Tr. at 13.

{¶ 4} As Reid tried to exit the secured area to get a glass of water, Cobbins followed him in an angry and aggressive manner, blocking his access to the exit. A few seconds later, both Reid and Cobbins took a few steps back from the door into the middle of the hallway; security video showed Cobbins was still angry. There, Reid gave Cobbins a gentle push with his left hand on her right shoulder. She then squared up with him and got in his face. Cobbins's reaction prompted Reid to put his hands in front of his body in a defensive posture, and he turned to walk away. Cobbins aggressively followed, and Reid pushed her away again. This time Cobbins swung at Reid with her left arm, and a few seconds later, a fight broke out.

{¶ 5} The skirmish continued in the hall until Cobbins and Reid fell through a partially opened room door where the struggle continued. Within seconds of falling, additional hospital staffers rushed in to help Reid control Cobbins. They subdued her until

officers arrived a minute or two later. It took the officers several more minutes to get Cobbins fully under control.

{¶ 6} On June 13, 2023, a complaint was filed in Kettering Municipal Court charging Cobbins with assault, disorderly conduct, and menacing. On August 30, 2023, the case proceeded to a bench trial at which the court heard testimony from Reid and was presented with several prosecution exhibits, including videos of the altercation and photos of Reid's injuries. Cobbins did not testify and did not present any evidence. She did, however, argue self-defense, contending that Reid should have just walked away.

{¶ 7} In a written decision, the trial court found Cobbins guilty of assault and disorderly conduct but not guilty of menacing. It found her self-defense claim to be without merit and stated that "it is clear both from the video and his testimony that [Reid's] conduct was defensive in nature and not an attack on Defendant meant to cause her any harm." Decision and Entry at 4. Cobbins was sentenced to a suspended jail sentence and probation.

{¶ 8} Cobbins filed a timely appeal.

## II.     Manifest Weight of the Evidence

{¶ 9} In her lone assignment of error, Cobbins argues that the trial court erred in convicting her of assault and disorderly conduct because that outcome was against the manifest weight of the evidence. Her brief, however, does not contend that the elements of the crimes were not committed, but rather that she was justified in her actions as she was acting in self-defense. Thus, we will begin our analysis with Cobbins's self-defense claim before moving to the manifest weight argument.

Self-Defense

**{¶ 10}** A person may act in self-defense, defense of another, or defense of that person's home. R.C. 2901.05(B)(1). Self-defense involving the use of non-deadly force requires evidence that: (1) the defendant was not at fault in creating the situation giving rise to the altercation; (2) the defendant had reasonable grounds to believe and an honest belief, even if mistaken, that the defendant was in imminent danger of bodily harm; and (3) the only means of protecting himself or herself from that danger was by the use of force not likely to cause death or great bodily harm. *State v. Coleman*, 2d Dist. Montgomery No. 27666, 2018-Ohio-1951, ¶ 13.

**{¶ 11}** If evidence is presented that tends to show a defendant used non-deadly force in self-defense, the State must then prove beyond a reasonable doubt that the defendant did not use the force in self-defense. R.C. 2901.05(B)(1); *State v. Barker*, 2022-Ohio-3756, 199 N.E.3d 626, ¶ 19 (2d Dist.). In this case, Cobbins did not satisfy the first element.

**{¶ 12}** The evidence presented at trial demonstrated that Cobbins was the aggressor and displayed hostility and aggression. Reid testified (and the security video confirmed) that he entered her room to turn off the call light, and Cobbins was "very aggressive" and "really angry." "[Cobbins] was very agitated. She was screaming and being belligerent." Trial Tr. at 13. Reid testified that as he tried to exit the secured area, Cobbins followed him and blocked the card access point. Unable to exit, Reid told Cobbins to back up. When she did not move, he "put [his] hands up and gave her a little shove back and told her to step back." Trial Tr. at 16. When she still did not move, Reid

put his hand on her shoulder to try to get her away. He testified that he gave her another push "because she was still in my proximity, [and] I didn't feel comfortable." Trial Tr. at 17. Reid noted that he was afraid Cobbins would try to hurt him based on her aggressive behavior. When he attempted to leave again, Cobbins came at him, so he gave her a second push "just to try to get her out of [his] proximity so that she couldn't hurt [him]." Trial Tr. at 18-19.

{¶ 13} Although Reid made the first physical contact between the two, it was evident from the video and testimony that it was done for self-preservation. Cobbins's "aggressive," "belligerent," and "angry" behavior created the situation giving rise to the altercation. Accordingly, her self-defense claim failed at the first prong. However, even if she had satisfied the first element, it did not satisfy the second: Cobbins did not have reasonable grounds to believe that she was in imminent danger.

{¶ 14} The video evidence illustrated the difference in body language and aggression between the two. Cobbins was extremely aggressive and threatening from the beginning, and Reid maintained a defense posture, oftentimes with his hands out in front of him. Even after Cobbins swung her arm at him, Reid's reaction was to keep her at arm's length, and the times Reid did push Cobbins away, the contact was gentle. We agree with the trial court's conclusion that Reid's conduct was defensive in nature and not an attack on Cobbins meant to cause harm. She simply could not have had a *reasonable* belief that she was in imminent danger of physical harm.

{¶ 15} As to the third element, we conclude that because Cobbins could not have had a reasonable belief that she was in danger of harm, protecting herself was

unnecessary. Her self-defense claim is without merit.

Manifest Weight

{¶ 16} Having rejected Cobbins's self-defense claim, we turn now to her argument that the guilty verdicts were against the manifest weight of the evidence.

{¶ 17} When an appellate court reviews whether a conviction is against the manifest weight of the evidence, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 172 (1st Dist.1983). A case should not be reversed as being against the manifest weight of the evidence except "in the exceptional case in which the evidence weighs *heavily* against the conviction." (Emphasis added.) *Id.*

Assault

{¶ 18} We turn first to Cobbins's conviction for assault. R.C. 2903.13(A), the assault statute, states that "[n]o person shall knowingly cause or attempt to cause physical harm to another or another's unborn." A person acts "knowingly" when he or she is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). Further, "physical harm" has been defined as "any injury * * * regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 19} The evidence in this case demonstrates that Cobbins struck Reid in his

shoulder, face, and neck with her hands, causing redness, scratches, and bruising. Based on the evidence, including Reid's testimony at trial, Cobbins caused physical harm to Reid. The act was knowing because the result of striking a person is almost certain to cause *some* physical harm; here, Reid was scratched and bruised. The trial court did not lose its way, and Cobbins's assault conviction was not against the manifest weight of the evidence.

### Disorderly Conduct

{¶ 20} According to R.C. 2917.11(A)(1), a person shall not recklessly cause inconvenience, annoyance, or alarm to another by engaging in fighting, threatening to harm persons or property, or in violent/turbulent behavior. "Turbulent behavior" is "tumultuous behavior" or "unruly conduct" characterized by a violent disturbance or commotion. *State v. Street*, 2d Dist. Montgomery No. 26501, 2015-Ohio-2789, ¶ 25.

{¶ 21} Typically, disorderly conduct is a minor misdemeanor, however, if the offender persists in the conduct after a reasonable warning or request, the offense becomes a misdemeanor of the fourth degree. R.C. 2917.11(E)(3)(a).

{¶ 22} Reid testified that he repeatedly warned Cobbins to back up, but she persisted in her aggressive behavior, which ultimately ended in a physical altercation that left Reid injured and feeling "very shook" and "scared." Based on the evidence presented at trial, we cannot say that the trial court lost its way in convicting Cobbins of the higher degree of the offense. The disorderly conduct conviction was not against the manifest weight of the evidence.

**{¶ 23}** Neither of Cobbins's convictions was against the manifest weight of the evidence and therefore her assignment of error is overruled.

### III.    Conclusion

**{¶ 24}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.